*Ou v. Sessions*
BIA
A070 886 882

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of June, two thousand eighteen.

PRESENT:
JOSÉ A. CABRANES,
DEBRA ANN LIVINGSTON,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

GUO QIN OU,
*Petitioner,*

v.                                                          17-1
                                                            NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            Gary J. Yerman, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Anthony C.
                           Payne, Assistant Director;
                           Kathleen Kelly Volkert, Trial

Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Guo Qin Ou, a native and citizen of the People's Republic of China, seeks review of a December 6, 2016, decision of the BIA denying his motion to reopen. *In re Guo Qin Ou,* No. A070 886 882 (B.I.A. Dec. 6, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

In lieu of filing a brief, the Government moves for summary denial of Ou's petition for review. Summary denial is warranted only if a petition is frivolous, *Pillay v. INS*, 45 F.3d 15, 17 (2d Cir. 1995), and Ou has filed his merits brief. Accordingly, we treat the Government's motion as a response to that brief, and deny the petition.

We review the BIA's denial of Ou's motion to reopen for abuse of discretion, and review the BIA's factual findings

2

regarding country conditions under the substantial evidence standard. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008).

It is undisputed that Ou's 2016 motion to reopen was untimely because his removal order became final in 2002. *See* 8 U.S.C. § 1229a(c)(7)(C)(i)(setting 90-day filing period for motions to reopen); 8 C.F.R. § 1003.2(c)(2)(same). Although this time limitation does not apply if the motion is filed to apply for asylum "based on changed country conditions" since the time of the original hearing, 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii), as discussed below, the BIA's conclusion that Ou failed to establish such a change is supported by substantial evidence. *See Jian Hui Shao*, 546 F.3d at 169.

The BIA reasonably concluded that Ou did not establish a material change in country conditions, given that Ou's evidence revealed that the Chinese government has continuously repressed Christians, especially members of unregistered churches, since before 1998, with varying degrees of restriction from region to region. *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007) ("In determining whether

3

evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."). Ou's argument that the BIA failed to consider evidence of increased persecution is without merit given that the BIA extensively cited Ou's submissions, which demonstrated that although there were some instances of increased persecution of Christians, conditions varied widely by region. Further, Ou's evidence notably lacked any indication of a deterioration of conditions for Christians in Fujian Province, Ou's home region. *See* Jian *Hui Shao*, 546 F.3d at 149-50, 165-66 (upholding BIA's conclusion that when fear of persecution is based on enforcement of a policy that varies by region, it is the applicant's burden to show enforcement of the policy in his or her home region).

Given the evidence of a continuation of conditions, the BIA did not abuse its discretion in denying Ou's motion to reopen as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2).

4

Because the BIA's timeliness ruling is dispositive, we do not reach the BIA's alternative holding regarding Ou's prima facie eligibility for asylum. 8 U.S.C. § 1229a(c)(7)(C)(i); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the motions for a stay of removal and summary denial are DENIED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court